**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
## Chicago, Illinois 60604

Argued June 3, 2009
Decided June 4, 2009

### Before

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-4048

RAMONA JOLIVETTE,
  *Plaintiff-Appellant*,

   *v.*

MICHAEL ASTRUE, Commissioner
of Social Security,
  *Defendant-Appellee*.

Appeal from the United States District Court for the Western District of Wisconsin.

No. 07-cv-699-bbc

Barbara B. Crabb, *Chief Judge*.

### Order

Ramona Jolivette's application for Social Security disability benefits was denied administratively, and again by an administrative law judge after a hearing. The district court concluded that the ALJ's decision is supported by substantial evidence. 2008 U.S. Dist. LEXIS 79864 (W.D. Wis. Sept. 30, 2008).

We affirm for substantially the reasons given by the district judge. Jolivette's principal appellate argument—that the ALJ erred by failing to discuss Listing 1.04A—does not tackle the district court's observation that the ALJ discussed all elements of the Listing. It is not necessary to cite a regulation by number; the agency's obligation is to apply the law to the facts, and this ALJ did so by covering each ingredient of Listing 1.04A.

Jolivette also contends that the ALJ erred by failing to "qualify" the non-attorney representative who accompanied Jolivette to the hearing. We may assume that this is so; the representative was not a well-informed or effective advocate for Jolivette's position. Still, as the district court observed, Jolivette has not established any prejudice from this omission. The ALJ developed the record independently rather than stopping with the information that Jolivette's representative offered. Jolivette does not contend that, had the ALJ ejected the representative from the hearing, she would have asked for a continuance in order to hire a lawyer or a better lay representative. Nor does Jolivette

explain what a different representative could have done on her behalf that the ALJ did not do at the actual hearing. Jolivette's brief says that a better representative would have alerted the ALJ to Listing 1.04A and ensured that the ALJ covered its requirements; since the ALJ *did* cover this subject, another hearing would be pointless. The same can be said in response to Jolivette's assertion that a better representative would have called the ALJ's attention to her psychologist's conclusions.

The district court's lengthy opinion covers all of Jolivette's other arguments.

AFFIRMED